DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **v.** ) | **Magistrate No. 2015-0029** |
| ) | **Criminal No. 2015-0042** |
| **JOSE HODGE,** ) | |
| ) | |
| **Defendant.** ) | |
| ———————————————) | |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Yvette D. Ross-Edwards, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Jose Hodge's "Motion to Dismiss Complaint" (Dkt. No. 37), filed on December 18, 2015, and the Government's Opposition thereto (Dkt. No. 43), filed on December 31, 2015. Defendant Hodge moves, pursuant to 18 U.S.C. §§ 3161(b) and 3162(a)(1), to dismiss with prejudice the two-count Complaint filed against him in this case. (*See* Dkt. No. 37 at 1). Defendant Hodge argues for dismissal on the grounds that a formal charging document was not filed within thirty days of his arrest as required by the Speedy Trial Act. (*See id.*). For the reasons discussed below, the Court will deny the Motion to Dismiss.

### I.    PROCEDURAL HISTORY

Defendant Hodge was arrested on November 14, 2015. (*See* Dkt. No. 1-1 at 2). On November 16, 2015, the Government filed a criminal Complaint charging Defendant Hodge, and three other defendants, with: (1) conspiracy to possess controlled substance with intent to distribute; and (2) possession of cocaine powder with intent to distribute. (Dkt. No. 1 at 1-2).

Defendant Hodge appeared before the Magistrate Judge for an Initial Appearance that same day. (*See* Dkt. No. 2). During the Initial Appearance, the Government orally moved for pretrial detention of Defendant Hodge (*see id.*), and followed with a written Motion for Detention on November 18, 2015 (Dkt. No. 16). A Preliminary and Detention Hearing was commenced on November 19, 2015, and was continued to November 24, 2015. (*See* Dkt. No. 20).

On November 24, 2015, Defendant Hodge filed a Motion for Release from Custody. (Dkt. No. 21). On that same day, the Magistrate Judge reconvened the Preliminary and Detention Hearing (Dkt. No. 23); issued an Order granting the Government's Motion for Detention and denying Defendant Hodge's Motion for Release (Dkt. No. 25); and issued an Order finding probable cause (Dkt. No. 28). Defendant Hodge filed a Notice of Appeal of the detention Order and the Order finding probable cause on November 25, 2015 (Dkt. No. 29), and an Amended Notice of Appeal on November 30, 2015 (Dkt. No. 31). Defendant Hodge's appeal was deemed deficient by the Court on December 1, 2015 for failure to comply with Rules 72.2(a) and 7.1(c) of the Local Rules of Civil Procedure (Dkt. No. 32), and he was granted until December 21, 2015 within which to refile his appeal in accordance with the Local Rules (*see id.* at 2). Defendant Hodge did not perfect his appeal.

On December 11, 2015, prior counsel for Defendant Hodge filed a Motion to Withdraw. (Dkt. Nos. 33, 34). While the Motion to Withdraw was pending, Defendant Hodge filed the instant Motion to Dismiss on December 18, 2015. (Dkt. No. 37). A hearing on the Motion to Withdraw was held on December 23, 2015. (*See* Dkt. No. 38). Later that same day, the Magistrate Judge issued an Order granting the Motion to Withdraw (Dkt. No. 39), and new counsel was appointed for Defendant Hodge (Dkt. No. 40).

On December 29, 2015, an Information was filed charging Defendant Hodge, and nine other defendants, with the same crimes alleged in the Complaint. (Criminal No. 1:15-cr-0042, Dkt. No. 43).

## II.   DISCUSSION

### A.  Applicable Legal Principles

Under the Speedy Trial Act, "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . ." 18 U.S.C. § 3161(b). If an information or indictment is not filed within the thirty-day time limit, the Speedy Trial Act requires dismissal, with or without prejudice, of the charges in the complaint. *See* 18 U.S.C. § 3162(a)(1) ("If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required . . . such charge against that individual contained in such complaint shall be dismissed or otherwise dropped."); *see also United States v. Dyer*, 325 F.3d 464, 467 (3d Cir. 2003). In determining whether to dismiss the complaint with or without prejudice, the court must consider, *inter alia*: "[(1)] the seriousness of the offense; [(2)] the facts and circumstances of the case which led to the dismissal; and [(3)] the impact of a reprosecution on the administration of [the Speedy Trial Act] and on the administration of justice." 18 U.S.C. § 3162(a)(1).

The Speedy Trial Act provides, however, that certain "periods of delay shall be excluded in computing the time within which an information or an indictment must be filed . . . ." 18 U.S.C. § 3161(h). In particular, any period of delay "resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excluded from the thirty-day time limit. 18 U.S.C. § 3161(h)(1)(D). The Speedy Trial Act also

excludes any period of delay "resulting from any interlocutory appeal." 18 U.S.C. § 3161(h)(1)(C). The defendant bears the burden of proving a violation of the Speedy Trial Act. *See* 18 U.S.C. § 3162(a)(2).

### B. Analysis

Defendant Hodge asserts that because a formal charging document was not filed as of the date of the instant Motion to Dismiss (December 18, 2015)—thirty-four days after his arrest—the Speedy Trial Act was violated in this case and the Complaint must be dismissed with prejudice. (*See* Dkt. No. 37 at 1). In its Response, the Government states that "Hodge ignores the portion of the Speedy Trial Act that provides for excludable delay" and that "several events which constitute 'excludable delay' have occurred since Hodge's arrest." (Dkt. No. 43 at 2). The Government concludes that "only one (1) non-excludable day [] expired" between the date Defendant Hodge was arrested and the date the Information was filed, and thus, no violation of the Speedy Trial Act has occurred. (*Id.* at 1).

Defendant Hodge was arrested on November 14, 2015. (*See* Dkt. No. 1-1 at 2). Therefore, the thirty-day clock under the Speedy Trial Act began to run the next day, November 15, 2015. *See* FED. R. CRIM. P. 45(a)(1) (instructing that when computing a time period that is stated in days, "exclude the day of the event that triggers the period"); *see also United States v. Ortiz*, 2012 U.S. Dist. LEXIS 16919, at *7 (D.V.I. Feb. 10, 2012). The thirty-day clock then stopped on November 16, 2015 at the Initial Appearance when the Government orally moved for pretrial detention of Defendant Hodge. *See United States v. Arbelaez*, 7 F.3d 344, 347 (3d Cir. 1993) (stating that "an oral motion is sufficient to invoke the time exclusion provided by the Speedy Trial Act"); *see also United States v. Ortiz*, 2012 U.S. Dist. LEXIS 16919, at *8 (D.V.I. Feb. 10, 2012) (finding the Government's oral motion to detain defendant at Advice of Rights hearing constitutes a pretrial

motion under 18 U.S.C. § 3161(h)(1)(D)). Accordingly, one non-excludable day ran under the Speedy Trial Act between November 14, 2015 and November 16, 2015.

The Government's oral motion for pretrial detention at the Initial Appearance effectively tolled the thirty-day clock from November 16, 2015 until the hearing on, and prompt resolution of, the issues raised at the Preliminary and Detention Hearing on November 24, 2015. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding "delay from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"). The thirty-day clock was further tolled from November 25, 2015 through December 21, 2015 while Defendant Hodge's Notice of Appeal and Amended Notice of Appeal were pending before the Court. *See* 18 U.S.C. § 3161(h)(1)(C) (excluding "delay resulting from any interlocutory appeal").[1]

Overlapping the pendency of the appeal was the Motion to Withdraw filed by prior counsel for Defendant Hodge on December 11, 2015. A hearing on the Motion to Withdraw and resolution of the Motion occurred on December 23, 2015. (*See* Dkt. Nos. 38, 39). Accordingly, the thirty-day clock under the Speedy Trial Act was tolled from December 22, 2015 (the day following the expiration of the appeal) through December 23, 2015 (the resolution of the Motion to Withdraw). Another overlapping period began with the filing of the instant Motion to Dismiss on December 18, 2015, which tolled the Speedy Trial clock once again.

At the time of the filing of the Motion to Dismiss, only one—rather than thirty-four—non-excludable day had run under the Speedy Trial Act (one non-excludable day between November 14, 2015 and November 16, 2015). Because the thirty-day period for the filing of an information

---

[1] The Court issued an Order on December 1, 2015 identifying deficiencies in Defendant Hodge's Amended Notice of Appeal, and allowing him until December 21, 2015 to refile the appeal in accordance with the Local Rules. (*See* Dkt. No. 32). Given that the Court did not dismiss or deny Defendant Hodge's appeal and he did not withdraw it, the Court concludes that the Speedy Trial clock continued to be tolled throughout the period that the Court allowed for Defendant Hodge to perfect his appeal. However, when the deadline for perfecting the appeal passed without any submission from Defendant Hodge, the pendency of the appeal before the Court necessarily expired. (*See* Dkt. No. 46).

or indictment had not expired as of the date of the instant Motion to Dismiss, and an Information was filed on December 29, 2015 (*see* Criminal No. 1:15-cr-0042, Dkt. No. 43)—within the allowable thirty-day period—the Court finds that Defendant Hodge has not established a violation of the Speedy Trial Act.

In addition to rejecting Defendant Hodge's Motion to Dismiss on the merits, the Court feels compelled to comment on the inadequacy of Defendant Hodge's filing.[2] Rule 7.1(c) of the Local Rules of Civil Procedure, made applicable to criminal cases by Rule 1.2 of the Local Rules of Criminal Procedure, provides that "[m]otions, responses and replies shall be accompanied by a brief which shall contain a concise statement of reasons and citation of authorities." LRCi 7.1(c);[3] *see also* LRCr 1.2 ("In cases of general procedure not covered by these Rules, the Local Rules of Civil Procedure shall apply."). The importance of this Rule is clear: it allows both the opposing party (for purposes of responding) and the Court (for purposes of adjudicating) to be apprised—via the moving party's "brief"—not only of the moving party's position, but of the legal authorities and the reasoning that supports the position.

While Defendant Hodge's one and one-half page Motion purports to serve also as the accompanying "brief,"[4] as required by the Local Rules, it is woefully inadequate in this latter regard. Indeed, the Motion simply recites certain statutory provisions without providing any legal reasoning or analysis whatsoever. For example, while Defendant Hodge seeks dismissal of the case *with* prejudice and lists the three statutory factors that *shall* be considered by the Court in

---

[2] The Court recognizes that it was Defendant Hodge's prior counsel—not his current counsel—who was responsible for the filing of the Motion to Dismiss.

[3] Rule 7 of the Federal Rules of Civil Procedure similarly requires, *inter alia*, that motions "state with particularity the grounds for seeking the order." FED. R. CIV. P. 7(b)(1)(B).

[4] Defendant Hodge's filing is entitled "Motion to Dismiss Complaint." It presumably is intended to be a Motion to Dismiss and Memorandum in support thereof.

making that determination, Defendant Hodge fails to provide *any* analysis of those factors as they relate to this case. Nor is there a single case authority cited in the entire Motion. These deficiencies are troubling in any context, but particularly here where Defendant Hodge bears the burden of proving that a violation of the Speedy Trial Act has occurred.

Simply stated, Defendant Hodge's submission falls far short of what is required under the Local Rules and expected by this Court. Defendant Hodge and his counsel—as well as all parties and their respective counsel—are advised to be mindful of the Court's concerns in this regard in future filings with the Court.

## I.   CONCLUSION

Because Defendant Hodge has failed to establish a violation of the Speedy Trial Act, his Motion to Dismiss will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date:  January 22, 2016

_____/s/_____
WILMA A. LEWIS
Chief Judge